**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS, OHIO**

IN RE:  JAMES R. KING                                             CASE NO. 09-53407
       ANGELA M. KING,

              DEBTORS.             Chapter 12

SSN/TAX ID:
     xxx-xx-3972                                                     Judge Charles M. Caldwell
     xxx-xx-7524

### MOTION TO MODIFY AND COMPLETE CHAPTER 12 PLAN OF REORGANIZATION

Now come the Debtors by and through counsel and pursuant to 11 U.S.C. Section 1229 hereby move to modify the Plan of Reorganization after confirmation in ways which are not inconsistent with 11 U.S.C. Section 1222 defining the contents of an approved and/or modified Plan of Reorganization. In support of this motion to modify the Plan of Reorganization, the Debtors assert the following:

    1.    At the time of the filing of this bankruptcy, there were three secured debts to Fifth Third Bank totaling approximately $212,000.00. These debts have been paid in full over the life of the Plan.

    2.    Payments have been made to CNH Capital during this Plan and will continue to be made without modification until the minimal debt is paid in full by the Debtors.

The Debtors, however, now propose to modify the Plan in the following manner:

    I.    <u>As to Countrywide</u>. At the time of the filing of this Chapter 12 proceeding in 2009, Countrywide Home Loans, Inc. was the first secured creditor (first mortgage) relating to the residential real estate of the parties located at 1434 County Road 11, Bellefontaine, Ohio 43311. We believed that the first mortgage had a balance of $131,671.00 and that the second mortgage had a balance of $48,684.00. Those were the numbers we used to make our Plan which was ultimately approved in an Order of Confirmation by this Court.

The second mortgage has been released and deemed paid in full over the life of this Plan, leaving only the first mortgage.

Interestingly enough, the only claim form that was filed by Countrywide Home Loans Servicing, LT or anyone else on behalf of Countrywide was a secured claim in the amount of $49,369.45. No claim has been filed since that time. Because the debt is a secured debt and because a resolution of this case is going to require a release of that lien, we propose to pay that creditor or its successor the sum of $100,000.00 as a full and final payment and settlement of the secured claim. If accepted by the creditor or if otherwise approved by the Court, payment of this amount will allow a release of the mortgage lien to be filed in the Logan County real estate records so that the mortgage lien no longer exists against the residential real estate of the parties.

We believe that the Countrywide loan was transferred or assigned to Bank of America, although we were not well apprised of the progress of the loan and that subsequently the loan has been transferred or assigned to Nationstar Mortgage. Communications have been non-existent from the creditor and inquiries and attempts to communicate with them have gone unanswered to the point where we often feel as if we are dealing with a phantom.

The Kings have the ability, notwithstanding this bankruptcy, to obtain outside funds to pay in full One Hundred Thousand Dollars ($100,000.00) to whoever is the appropriate creditor here in exchange for a release of the mortgage lien. The amount vastly exceeds the proof of claim form filed; however, it also seems to be less than what we once believed the real estate mortgage amount to be.

This payment will be paid directly to the creditor on a determination of the right person and/or entity and/or address to send it.

II. <u>PNC</u>. A second mortgage lien exists against the real estate in favor of PNC. Without attempting to determine the exact payoff amount of that indebtedness, the proposal is to pay an immediate lump sum payment in the amount of Forty Thousand Dollars ($40,000.00), which shall constitute a payment in full of the indebtedness and which shall lead to execution and delivery by the creditor of a release of mortgage lien to be filed in the Logan County Recorder's Office, thereby doing away with the mortgage lien status of this creditor against the real estate. This payment shall be made through the Chapter 12 Trustee's Office.

III. <u>State of Ohio</u>. We believe that various taxes are due to the State of Ohio and have been dealing with Brian Gianangeli who is the attorney in charge of the collection of the various Ohio accounts, including the Bureau of Workers Compensation, Ohio state income taxes, withholding taxes, Ohio CAT taxes, and a bill to OSU Hospital, which total $37,133.92, but

which we have been advised can be settled for the sum of $36,083.30. A letter from Brian Gianangeli is attached as Exhibit A and incorporated herein by reference. This money shall also be paid to the Chapter 12 Trustee's Office and shall be distributed by the Chapter 12 Trustee's Office.

IV. Any and all money remaining of the money which is to be sent to the Chapter 12 Trustee's Office shall be a single lump sum payment to be distributed pro rata among the unsecured creditors with properly perfected claims.

## MEANS OF EXECUTION

In order to implement the modifications herein, we propose the following:

1. A payment within thirty days by approval of this Court of One Hundred Thousand Dollars ($100,000.00) to Countrywide or its successor in interest by making direct payment to that creditor upon proper designation and address.

2. A payment within thirty days shall then be made to the Chapter 12 Trustee's Office of Ninety Thousand Dollars ($90,000.00) distributed as follows:

   A. Forty Thousand Dollars ($40,000.00) to PNC.

   B. Thirty-Six Thousand and Eighty-Three Dollars and Thirty Cents ($36,083.30) to the Ohio Department of Taxation.

   C. All appropriate Chapter 12 Trustee fees and/or compensation.

   D. The balance to be divided pro rata among unsecured creditors.

The original confirmed Plan of Reorganization proposed that the first payment be made on or before December 15 of 2009. As a result, all terms set forth in this proposed modification are permissible pursuant to 11 U.S.C. §1229(c) because all payments pursuant to the Plan will be made within five years after the time that the first payment under the original confirmed Plan was due. 11 U.S.C. §1222 which describes the contents of an approvable Plan of Reorganization specifically states in Section (B)(2) that the rights of holders of secured claims and unsecured claims may be modified and further under subsection (B)(3) that the modification may provide for the curing or waiving of any default.

We hereby petition the Court to allow the modification of the Chapter 12 Plan of Reorganization as set forth herein and we then seek a court order showing completion of the Plan after the completion of all payments called for under the original Plan taken together with the payments required under the terms of this modification.

  We have an unusual situation in that a Chapter 12 Debtor has the ability to immediately come up with $190,000.00 to make everything proposed herein work.  That "lender" will only come up with the money if it has a first mortgage lien against the property.  As a result, in order to implement everything herein, we will need to get a first mortgage lien to that lender upon approval of everything contained in this modification.

  In the alternative, it is unlikely that the Debtors can complete the Plan and the Plan will likely fail.  The creditors will need to determine whether the liquidation analysis which is implicit in this modification best suits their long-term needs.  The Kings paid $180,000.00 for this property ten years ago.  With the real estate market in its present condition, it is unlikely that any of these creditors will do better in a liquidation than we propose herein.  We suggest that unless this modification occurs, all parties will be mired in state court litigation for a substantial period of time, further cutting into the ability of the secured creditors and certainly the unsecured creditors to do as well as is proposed herein.

  We respectfully solicit the approval of this Plan by the affected creditors and the Chapter 12 Trustee and further seek an order of this Court approving the proposed modification.

Respectfully submitted,

 /s/ Steven R. Fansler_____
Steven R. Fansler (#0000644)
212 N. Detroit Street, P. O. Box 764
West Liberty, Ohio 43357-0764
Phone: (937) 465-5056
Fax: (937) 465-9880
E-mail: sfanslerlaw@ctcn.net
Attorney for Debtors James R. and Angela M. King

-4-

### NOTICE OF FILING MOTION TO MODIFY AND COMPLETE
### CHAPTER 12 PLAN OF REORGANIZATION

Debtors, James R. King and Angela M. King, have filed papers with the Court requesting to modify and complete their Chapter 12 Plan of Reorganization.

**YOUR RIGHTS MAY BE AFFECTED**.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the Court a response explaining your position by mailing your response by regular U.S. Mail to the Clerk, U.S. Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 or your attorney must file a response using the Court's ECF system.

**The Court must receive your response on or before the date above.**

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

Steven R. Fansler
P.O. Box 764
West Liberty, Ohio 43357

James R. and Angela M. King
1434 County Road 11
Bellefontaine, Ohio 43311

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date:  August 27, 2014

/s/  Steven R. Fansler_____
Steven R. Fansler (#0000644)
*Attorney for James and Angela King*
212 N. Detroit Street
P. O. Box 764
West Liberty, Ohio 43357-0764
Phone: (937) 465-5056
Fax: (937) 465-9880
Email:  sfanslerlaw@ctcn.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014, a copy of the foregoing "*Motion to Modify and Complete Chapter 12 Plan of Reorganization*" and *Notice of filing thereof* was served on the following registered ECF participants electronically through the court's ECF system at the email addresses registered with the Court:

Asst. U. S. Trustee (Col) @ ustpregion09.cb.ecf@usdoj.gov
Steven R. Fansler, Attorney for Debtors @ sfanslerlaw@ctcn.net
Patricia L. Hill on behalf of Fifth Third Bank @ notices@statmanharris.com and plhill@statmanharris.com
Frank M. Pees, Chapter 12 Trustee @ trustee@ch13.org
Beth A. Schenz on behalf of National City Bank @ bkecf@huntington.com
John D. Schlotter on behalf of BAC Home Loans Servicing, LP @ ecfmail@aclawllp.com
Linh K. Tran on behalf of Creditor Roundup Funding, LLC @ bline.chapter13@blinellc.com
Arnold S. White on behalf of Ohio Department of Taxation @ awhite@centralohioattorneys.com, lmoore@centralohioattorneys.com
Brian Wood on behalf of PNC Bank National Association @ bwood@jumplegal.com
Brian Gianangeli on behalf of Creditor Ohio Bureau of Workers' Compensation @ bgianangelimifsudlaw.com
Dean R. Prober on behalf of Creditor Bank of America, NA @ cmartin@pralc.com
Mary E. Krasovic on behalf of Creditor Nationstar Mortgage, LLC @ bankruptcy@mdk-llc.com, anhsmdk@earthlink.net; anhsmdk@zuckergoldberg.com

And by regular U. S. Mail upon the following:

| | |
|---|---|
| James R. King<br>1434 County Road 11<br>Bellefontaine, Ohio 43311 | Angela M. King<br>1434 County Road 11<br>Bellefontaine, Ohio 43311 |
| Countrywide Home Loans, Inc.<br>c/o McCalla Raymer, LLC<br>Bankruptcy Department<br>P O Box 105364<br>Plano, TX 75024 | Advanced Agri-Solutions<br>P. O. Box 360<br>Wapakoneta, OH 45895 |
| Aaron R. Bixby<br>1309 Technology Parkway<br>P. O. Box 668<br>Cedar Falls, IA 50613<br>*Attorney for Rabo Agrifinance, Inc.* | CNH Capital<br>P. O. Box 3600<br>Lancaster, PA 17604 |
| Logan County Treasurer<br>100 South Madriver Street<br>Bellefontaine, OH 43311 | Internal Revenue Service<br>P. O. Box 21126<br>Philadelphia, PA 19114 |

Chase Bank USA, NA
P O Box 15145
Wilmington, DE 19850-5145

Department Stores National Bank/Macys
Tsys Debt Mgmt., Inc.
P. O. Box 137
Columbus, GA 31902-0137

Seed Consultants, Inc.
Jacob M. Jeffries
133 S. Main
New Carlisle, OH 45344

National Capital Management, LLC
8245 Tournament Drive, Ste. 230
Memphis, TN 38125

Recovery Management Systems Corp
for GE Money Bank
dba Lowes Consumer
25 SE 2nd Ave Ste 1120
Miami, FL 33131

eCast Settlement Corp.
Assignee of HSBC Bank Nevada
Bass & Assoc, P.C.
3936 E. Ft. Lowell Rd., Ste. 200
Tucson, AZ 85712

Mary Rutan Hospital
205 Palmer Ave.
Bellefontaine, Ohio 43311

FPC Financial, f.s.b.
PO Box 6600
6400 NW 86th Street
Johnston, IA 50131-6600

BAC Home Loans Servicing, LP
c/o McCalla Raymer, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076

Jillian Nolan Snider
Tucker Arensburg
1500 One PPG Place
Pittsburgh, PA 15222
*On behalf of PNC Bank*

/s/ Steven R. Fansler_____
Steven R. Fansler (#0000644)
212 N. Detroit Street
P. O. Box 764
West Liberty, Ohio 43357-0764
Phone: (937) 465-5056
Fax: (937) 465-9880
E-mail: sfanslerlaw@ctcn.net
Attorney for Debtors James R. and Angela M. King